## KIOWA LUMBER CO. v. MISSOURI-KANSAS-TEXAS R. CO. et al.

No. 28615.   Sept. 19, 1939.

Rehearing Denied Nov. 7, 1939.

William J. Crowe and Twyford & Smith, for plaintiffs in error.

A. L. Jeffrey and Robt. Berry, for defendants in error Oklahoma City and J. Q. Maloney, Bldg. Supt.

R. B. McCabe, for defendants in error Champlin Refining Company, Cato Oil & Grease Company, and H. L. Cato.

M. D. Green and John E. M. Taylor, for defendant in error Missouri-Kansas-Texas Railroad Company.

GIBSON, J. The owners of the fee-simple title in and to a block of land located in an oil and gas drilling zone in Oklahoma City have appealed from that portion of a judgment of the district court ordering the annexation to said block of certain territory contiguous thereto as a condition to the granting of a permit to their lessee to drill for oil and gas. The plaintiffs in error will be referred to herein as plaintiffs, and the defendants in error as defendants, or by individual name.

Under the zoning ordinances of Oklahoma City the owners of a block of land as therein defined, or their lessee, may secure a permit to drill a well for oil and gas subject to certain conditions to be fixed by the building superintendent, or by the board of adjustment on appeal from his order, or by the district court on appeal from the order of the board. Sections 37, 43-46, ch. 25, Gen. Ord. 1936; secs. 6170-6179, O. S. 1931, 11 Okla. St. Ann. §§ 401-410. The tract owned by plaintiffs constituted a drilling block within the definition as contained in the ordinances. It was platted ground and contained more than 2.5 acres, the minimum requisite for platted land, and was bounded on all sides in a manner sufficient to bring it within the requirements of the ordinances in that respect.

Plaintiffs' lessee, the Travis Petroleum Company, applied for a permit to drill on the aforesaid block, and the building superintendent denied the application on the ground that the company did not have leases on all the land involved. On appeal to the board of adjustment, the defendant Missouri-Kansas-Texas Railroad Company filed its protest objecting to the permit unless a proper portion of its adjacent right of way be annexed to the drilling block. The board found that the oil company was entitled to a permit, subject, however, to the condition that the contiguous right of way of the railroad company aforesaid not theretofore annexed to other drilling blocks be attached to and made a part of the drilling block of the plaintiffs. The judgment of the district court on appeal sustained the order of the board. Plaintiffs object to that portion of the judgment ordering the annexation of the right of way.

The evidence shows that the right of way of the defendant railroad company consisted of a strip of land 100 feet in width running east and west across the drilling zone and contained in excess of five acres within the limits of the zoned area. Prior to the filing of the instant application the railroad company had appeared and filed its protest in three separate proceedings for permits to drill in other blocks near that of the plaintiffs and adjacent to said right of way, and in each case had sought the annexation of all or a part of the right of way to the drilling block there involved. In two of those cases a portion of the right of way was attached to the block, and at the time of filing the present application there remained of the right of way only .93 of an acre yet unattached to any block. That tract is the one here in question. It lays directly north of and adjacent to the block of the plaintiffs, and there is now no other undeveloped block to which it could become attached.

Plaintiffs say that, since their tract constituted a drilling block as defined by the

ordinances aforesaid, they or their lessee were entitled to a permit without the annexation of additional territory, and that the judgment of the trial court requiring the annexation was contrary to the ordinances, and constituted error.

The ordinance permits but one well to each block in the area zoned for oil and gas development. With certain exceptions, a block must contain not less than 2.5 acres if the same is platted land, or not less than five acres if the land is unplatted, each to have certain boundary lines as in the ordinance defined. Permits are not to issue to the owner or lessee of a block as a matter of right, but certain conditions may be imposed. The condition in question here is found in paragraph C, section 37, chapter 25, of the ordinances, the material portion of which reads as follows:

"Before a permit shall be granted upon any platted block or unplatted tract of land which is adjoining, or contiguous to any unplatted tract of less than 5 acres or any platted block of less than 2½ acres in area, upon application of any owner, lessee or other interested person, firm or corporation in said unplatted tract of less than 5 acres or platted block of less than 2½ acres, or in any adjoining or contiguous unplatted tracts or platted blocks aforesaid, the board of adjustment shall, upon giving notice and holding a hearing in the same manner as is provided for appeals from the building superintendent, attach said unplatted tract of less than 5 acres, or platted block of less than 2½ acres, in whole or in part, to such contiguous or adjoining unplatted tract or tracts or platted block or blocks, for the purpose of permitting a well to be drilled in which said unplatted tract of less than 5 acres or platted block of less than 2½ acres, may participate."

Thus it is seen that parties interested in any contiguous tract which is less in area than a drilling block as defined in the ordinance, or the parties interested in the tract for which the permit is sought, may seek to annex the contiguous tract, and the same may be annexed, to the block for which permit is sought, notwithstanding the latter may exceed in area the minimum acreage required by the ordinance.

In the instant case, had the .93 of an acre constituted the entire tract owned by the railroad company, the authority of the board or the district court to annex the same could not be doubted. But plaintiffs take the position that, since this fraction of an acre was a part of one complete tract larger in area than a drilling block, the court was without authority under the provisions of the ordinance quoted above to annex the same to their own block.

This contention ordinarily would not be without merit. The ordinance authorizes the board or court to order annexation where the land sought to be annexed constitutes all or a portion of an adjacent tract less in area than a drilling block. However, there is nothing in the ordinances before us to prohibit owners from communizing by agreement all or portions of tracts larger in area than drilling blocks. The board, or court on appeal, may recognize such agreements and grant drilling permits subject to the conditions contained in the ordinances. On two former occasions the railroad company had sought and obtained annexation or communization of portions of its tract with other drilling blocks adjacent thereto. If the annexation in either case was not protested, the board or court had authority to order the annexation and grant permit to drill on the block so formed; if protested, the court had power to adjudicate the differences of the parties and determine their respective equities, to order annexation and grant permit to drill. Such are the basic functions of the board or court in such case, as defined in the statutes and ordinances, supra. If, in the performance of its functions, either tribunal places an erroneous construction on the ordinances, it commits an error in judgment, but does not exceed its jurisdiction, and its judgment, on failure of appeal, is final as to all parties properly before it.

We must consider the judgments in the cases aforesaid as final; the contrary is not made to appear from the record. So far as we are able to ascertain, said judgments are of no concern to the plaintiffs. Their instant argument is in effect a collateral attack thereon.

The result of the judgment in each of said cases was to remove from the tract of the railroad company a certain area and to attach the same permanently to another drilling block, leaving ultimately an isolated parcel less in area than a legal drilling block, uncommunized, and without opportunity of annexation to any block other than that of the plaintiffs. Under the ordinance quoted above, the board, or the court on appeal, was empowered to order its annexation. Whether in such cases as those above mentioned annexation of a portion of a tract is accomplished by agreement or by final, though perhaps erroneous, order of the board or court, the result is to leave the remainder of the tract unannexed and uncommunized and in the same position as if it had at all times been a separate and distinct tract.

Our foregoing conclusion is supported, inferentially, by the decision in Indian Territory Illuminating Oil Co. v. Larkins, 168

Okla. 69, 31 P.2d 608. There, as disclosed by the majority and minority opinions in the case, basic facts and circumstances of an identical nature were under consideration. A fraction of an acre of a tract larger than the minimum area of a legal drilling block remained unattached after portions thereof had been annexed to different drilling blocks. The owner had attempted to annex this fraction to certain other blocks, but his petitions were denied. Why the board or the court denied his petitions we do not know. In the face of these circumstances this court held that the owner's petition for a permit to drill on the small tract should be granted, thus giving to such tract the status of a separate and distinct area. So it is in the present case. The .93 of an acre has become a separate tract, and such tracts may be annexed to a drilling block on proper application.

If, in the circumstances as presented in the Larkins Case, a small segment of a larger tract may become a separate tract or block for the purpose of drilling, then by the same process of reasoning it may become a separate tract for the purpose of annexation.

Plaintiffs say the trial court erred in not holding that the railroad company by procuring annexation of portions of its right of way to other blocks and omitting the small portion here involved was estopped to assert any right of annexation in the instant case.

It is asserted in this connection that when a portion of the right of way was attached at the company's request to the other blocks it should have sought the annexation of the fraction in question here to those blocks; that in failing so to do the company has only itself to blame for the dilemma it now finds itself in with reference to said fraction.

We are unable to detect the essential elements of estoppel in the facts before us. The railroad company has done nothing to preclude it from taking advantage of its ownership of the .93 of an acre as a separate tract. It has violated no legal duty to anyone, and has made no false representations, nor has it concealed any essential facts in order to enjoy personal gain, and it is not estopped by reason of the aforesaid judgments. This is made plain by our language above. There is no evidence of record estoppel or of estoppel in pais.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and CORN, DAVISON, and DANNER, JJ., concur.